**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2414-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

      Plaintiff-Respondent,

  v.

C.M.,

      Defendant-Appellant,

  and

S.J.,

      Defendant.

_____

IN THE MATTER OF R.C., N.A.J.,
J.J.-C., S.J.-C. and S.J.-C.,

      Minors.

_____

        Argued November 8, 2017 – Decided November 21, 2017

        Before Judges Fisher and Fasciale.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Essex County,
        Docket No. FN-07-0220-15.

        Mary Potter, Designated Counsel, argued the
        cause for appellant (Joseph E. Krakora, Public
        Defender, attorney; Ms. Potter, on the brief).

Michael Antenucci, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Mr. Antenucci, on the brief).

James J. Gross, Designated Counsel, argued the cause for minors (Joseph E. Krakora, Public Defender, attorney; Mr. Gross, on the brief).

PER CURIAM

The Division of Child Protection and Permanency commenced this Title Nine action against defendant C.M. (Carolyn, a fictitious name, as are all names used in this opinion), alleging that in October 2014 she abused or neglected her then six-year-old child, Samuel, by striking him with a belt. We conclude the evidence fully supported the trial judge's factual findings, and we agree with the trial judge that this form of physical punishment was excessive within the meaning of controlling legal principles.

Title Nine defines an abused or neglected child, in part, as a child "whose physical, mental, or emotional condition has been impaired" by a parent's failure to "exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment." N.J.S.A. 9:6-8.21(c)(4)(b). This appeal focuses not so much on whether Carolyn inflicted physical punishment on the six-year-old child with a

belt — there seems to be no dispute about that — but whether such conduct violates the statute's "excessive corporal punishment" provision.

The judge heard from only one witness during a brief, one-day evidentiary hearing. That witness, a Division representative, briefly testified about photographs she took of the child a day after the abuse. She testified that the photographs, which were admitted in evidence, revealed the child still retained red marks on his arms and legs from having been struck by Carolyn with a belt the day before. The Division representative also testified that Carolyn admitted inflicting this punishment:

> [Carolyn] stated that she held [Samuel's] hands down and beat him on his hands with the belt. And she admitted to, also, hitting [Samuel's twin sister] with the belt. She, also, stated that she can't believe that she can't beat her own children.

This punishment, according to the information obtained from Carolyn by the witness, was inflicted because Samuel misbehaved by "ripp[ing] up" some "collectible comics."

In addition, the Division representative testified that, in the aftermath of a February 2014 referral, Carolyn entered into an agreement not to physically punish her children.[1]

---

[1] Carolyn argues the existence of this agreement was not proven because such a document was not moved into evidence. But, the

Carolyn did not testify, nor did she call any witnesses.

After hearing summations, the trial judge rendered an oral decision, finding that events occurred as recounted by the Division representative. Referring to Carolyn's agreement not to physically punish her children, and her insistence of a right to "beat her own children," the judge concluded that Carolyn had used excessive corporal punishment.

Carolyn appeals the order memorializing this finding of abuse, arguing:

> [SAMUEL] WAS NOT AN "ABUSED OR NEGLECTED CHILD" DUE TO HIS MOTHER'S DISCIPLINE AS HIS PHYSICAL CONDITION WAS NOT "IMPAIRED," HE REQUIRED NO MEDICAL TREATMENT, [CAROLYN] ACCEPTED FULL RESPONSIBILITY AND COMPLIED WITH COUNSELING RESULTING IN [SAMUEL'S] RETURN HOME.

We find insufficient merit in this argument to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

We write further only to emphasize our rejection of Carolyn's contention that the Supreme Court's decision in New Jersey Division of Youth & Family Services v. P.W.R., 205 N.J. 17, 36 (2011) compels a different result because, there, the Court concluded

---

Division representative testified that such an agreement existed, defense counsel did not object to that testimony, and Carolyn did not testify or otherwise refute the Division representative's testimony. Consequently, the trial judge was entitled to find that such an agreement existed.

that a parent's "slap of the face of a teenager as a form of discipline — with no resulting bruising or marks — does not constitute 'excessive corporal punishment' within the meaning of N.J.S.A. 9:6-8.21(c)(4)(b)." We find a qualitative difference between slapping the face of a teenager without sufficient force to leave a mark and the striking of a six-year-old with a belt with enough ferocity to leave visible marks a day later. These distinguishing circumstances and Carolyn's breach of her earlier agreement not to physically punish her children, fully supported the judge's conclusions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2414-15T3